UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM CUNNINGHAM, ALEX CHEFALO, & REMO PAGLIA, *on behalf of themselves and all other employees similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>SUDS PIZZA, INC., MARK'S PIZZERIA, INC., and MARK S. CRANE,<br><br>*Defendants.* | **Civil Action**<br>**No. 15-cv-6462** |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Class Settlement and Release ("Stipulation of Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Adam Cunningham, Alex Chefalo and Remo Paglia, on behalf of themselves and on behalf of all persons similarly situated ("Plaintiffs" or "Class Representatives") and Defendants Suds Pizza, Inc., Mark's Pizzeria, Inc., and Mark S. Crane (collectively "Defendants"), and is subject to the terms and conditions hereof and the approval of the United States District Court for the Western District of New York, Hon. Jonathan W. Feldman, U.S. Magistrate Judge, presiding (the "Court"). Plaintiffs, Defendants and the "Mark's Pizzeria Franchises" (defined below) are referenced collectively herein as the "Parties."

## BACKGROUND AND RECITALS

1.      On or about August 6, 2015, Plaintiffs filed a class and collective action complaint in the United States District Court for the Western District of New York, Civil Action No. 15-cv-6462, captioned *Cunningham et al. v. Suds Pizza, Inc., et al.* (the "Lawsuit" or "Complaint"). The Complaint alleged, *inter alia*, that Defendants and "Mark's Pizzeria Franchises" (defined below):

      a.      Employed individuals to deliver pizzas who used their own vehicles and paid those individuals minimum wage, or slightly above, without reimbursement for vehicle-related expenses, resulting in the individuals making less than minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), and applicable state laws and regulations;

      b.      Charged customers a mandatory delivery charge for the delivery of food items, and retained said charge without remitting it to the delivery drivers as customers could reasonably expect, in violation of applicable state laws and regulations;

-1-

       c.     Required employees to work shifts spanning in excess of ten hours without paying them for one additional hour at the basic minimum rate, in violation of applicable state laws and regulations;

       d.     Required employees to wear uniforms and failed to maintain said uniforms or pay employees an allowance for maintenance, in violation of applicable state laws and regulations; and

       e.     Failed to provide employees with proper written notices, including wage notices, required under New York State laws and regulations.

The Complaint sought recovery of wages, overtime compensation, civil penalties, liquidated damages, interest, gratuities, uniform allowances, spread of hour pay, expenses, expert fees, and attorneys' fees and costs from Defendants.

For purposes of this Agreement "Mark's Pizzeria Franchises" shall mean: (1) Americo's Foods, Inc.; (2) Auburn Pizza, Inc.; (3) Avon Pizza, Inc.; (4) Mark's Pizzeria of Batavia, Inc.; (5) Suds Pizza, Inc.; (6) Camillus Pizza, Inc.; (7) Mark's of Canandaigua, Inc.; (8) Canastota Pizza, Inc.; (9) Cicero Pizza, Inc.; (10) Clay Pizza, Inc.; (11) Cortland Pizza, Inc.; (12) Eastview Mall Pizza, Inc.; (13) Elbridge Pizza Inc.; (14) Fairport Pizza, Inc.; (15) Mark's Pizzeria of Gates, Inc.; (16) Greece Pizza, Inc.; (17) Greece Ridge Mall Pizza, Inc.; (18) Groton Pizza, Inc.; (19) Hamlin Pizza, Inc.; (20) Honeoye Pizza, Inc.; (21) Ithaca Pizza, Inc.; (22) Lockport Pizza, Inc.; (23) Hanover Square Pizza, Inc.; (24) Manchester Pizza, Inc.; (25) Manlius Pizza Inc.; (26) Marion Pizza, Inc.; (27) Medina Pizza, Inc.; (28) Mendon Pizza, Inc.; (29) Monroe Avenue Pizza, Inc.; (30) Newark Pizza, Inc.; (31) Newfane Pizza, Inc.; (32) Norton St. Pizza, Inc.; (33) Mark's Pizzeria of North Chili, Inc.; (34) Oswego Pizza, Inc.; (35) Ovid Pizza, Inc.; (36) Palmyra Pizza, Inc.; (37) Penfield Pizza, Inc.; (38) Penn Yan Pizza, Inc.; (39) Scottsville Pizza, Inc.; (40) Seneca Falls Pizza, Inc.; (41) Seneca Lake Pizza, Inc.; (42) Skaneateles Pizza, Inc.; (43) PMI Enterprises, Inc.; (44) Victor Pizza, Inc.; (45) Walworth Pizza, Inc.; (46) Webster Village Pizza, Inc.; (47) West Webster Pizza, Inc.; (48) Williamson Pizza, Inc.; (49) Winton Road Pizza, Inc.; and (50) Wolcott Pizza, Inc.

       2.     Defendants and Mark's Pizzeria Franchises deny Plaintiffs' claims. In order to avoid the time and expense of continued litigation, the Parties agree to enter into a settlement of this case.

       3.     For purposes of this Stipulation of Settlement, the "Settlement Class" shall consist of all "Class Members" who fail to opt out of this Stipulation of Settlement.  "Class Members" are defined as follows:

     Adam Cunningham, Alex Chefalo, and Remo Paglia and all other current or former employees of Defendants and Mark's Pizzeria Franchises who worked on an hourly basis anytime during the period August 6, 2009 through preliminary approval of the settlement by the Court.

       4.     The Settlement Class shall be divided between the following two subclasses:

"Subclass A" is defined as those members of the Settlement Class who worked as a delivery driver anytime during the period August 6, 2009 through preliminary approval of the settlement by the Court (drivers), for those weeks in which such employees performed any work as a delivery driver for or on behalf of Defendants and/or a Mark's Pizzeria Franchises.

"Subclass B" is defined as all other members of the Settlement Class (cashiers, cooks, phone persons, managers, assistant managers, etc.)(i.e., non-drivers), for those weeks in which such employees performed only non-delivery work for or on behalf of Defendants and/or Mark's Pizzeria Franchises from August 6, 2009 through preliminary approval of the settlement by the Court.

5.     This Stipulation of Settlement contemplates the settlement of all claims, demands and differences between Plaintiffs and the Settlement Class, on the one hand, and Defendants and Mark's Pizzeria Franchises, on the other hand, as stated in the class and collective claims asserted in the Lawsuit, including claims for: (1) unpaid wages and overtime compensation under the FLSA; (2) unpaid wages and overtime compensation under applicable state laws and regulations; (3) unreimbursed expenses under the FLSA and applicable state laws and regulations, including, but not limited to, vehicle and transportation related expenses; (4) unpaid spread of hour pay under the applicable state laws and regulations; (5) unpaid uniform allowances under the applicable state laws and regulations; (6) unpaid service charges, delivery charges and/or gratuities under the applicable state laws and regulations; (7) improper or failure to provide wage notices under state law and related civil penalties; and (4) liquidated damages and exemplary damages.

6.     For purposes of settling the Lawsuit only, the Parties conditionally stipulate and agree that the requisites for establishing certification with respect to the Settlement Class have been met and are met, and therefore stipulate to class certification. More specifically, the Parties conditionally stipulate and agree that, for the Settlement Class:

    a.     The number of Class Members is so numerous as to make it impracticable to join all Class Members.

    b.     There is an ascertainable class and the class is so numerous that joinder of all Class Members is impracticable.

    c.     There are common questions of law and fact.

    d.     Plaintiffs' claims are typical of the claims of the members of the Settlement Class.

    e.     Ferr and Mullin, P.C. should be deemed "Class Counsel" and will fairly and adequately protect the interests of the Settlement Class.

    f.     Plaintiffs Adam Cunningham, Alex Chefalo, and Remo Paglia should be appointed as representatives of the Settlement Class and will fairly and adequately represent the interests of the Settlement Class.

g.     The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

h.     Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members in the Settlement Class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

7.     Defendants and Mark's Pizzeria Franchises deny the claims alleged in the Complaint and further deny that, for any purpose other than settling the Lawsuit, this action is appropriate for class treatment. Any certification pursuant to this Settlement Agreement shall not constitute in this or any other proceeding an admission by the Defendants and/or Mark's Pizzeria Franchises of any kind, or a determination that certification of a class for trial purposes is appropriate or proper. In the event the Court does not grant final approval of this Settlement Agreement, the certification of the class shall not constitute evidence of, or a binding determination that, the requirements for certification of a class for trial purposes or any other purpose in this or any other action are satisfied, and Defendants and the Mark's Pizzeria Franchises expressly reserve all rights to challenge certification of a class for trial purposes or any other purpose in this or any other action on all available grounds as if no class had been certified in this action.

8.     Plaintiffs contend that Defendants and Mark's Pizzeria Franchises violated applicable federal and state wage and hour laws and regulations, and that this case is appropriate for class certification as the requisites for class certification can be satisfied in this case.

9.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between them arising from the factual allegations that underlie the Lawsuit. In order to achieve a full and complete release of Defendants and the Mark's Pizzeria Franchises (and the "Released Parties" as defined in Section 21) of such disputes and claims, each Class Member (which includes any legal heirs and/or successors-in-interest of each Class Member who receives Notice) acknowledges that this Stipulation of Settlement is intended to include in its effect all claims arising from the factual allegations contained in the Lawsuit, including all claims set forth in Sections 1, 5, 21 and 22 of this Stipulation of Settlement against Defendants, the Mark's Pizzeria Franchises and the Released Parties during the period covered by this Stipulation of Settlement.

## TERMS OF SETTLEMENT

10.     Settlement Amount. The Mark's Pizzeria Franchises shall pay a sum equal to $1,700,000.00 (the "Settlement Amount") to fund the settlement of the Lawsuit. The Settlement Amount includes any amount approved by the Court for attorneys' fees and costs, Service Awards, administrative costs, and enhancement payments (collectively, "Administrative Costs"). No interest shall accrue or be paid on the Settlement Amount. Payments by the Mark's Pizzeria Franchises pursuant to this Stipulation of Settlement shall settle all pending issues between the Settlement Class, Defendants and the Mark's Pizzeria Franchises, including, but not limited to,

all payments of class claims, Administrative Costs, attorneys' fees and costs, and service awards. The payments are not being made for any other purpose and will not be construed as compensation for purposes of determining eligibility for any health and welfare benefits or unemployment compensation.

11.    Settlement Date:  The settlement embodied in this Stipulation of Settlement shall go into effect upon entry of a final Judgment by the Court approving this Stipulation of Settlement.

12.    Settlement Administrator: Provided that the Court grants preliminary approval of this Settlement Agreement, within five business days of the entry of the Court's Order, the Parties shall retain a Settlement Administrator who shall be responsible for claims administration and various other duties described in this Settlement Agreement. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the claims administration process as confidential and to use such information solely for purposes of claims administration.

13.    Settlement Payments and Costs of Administration:

a.    Attorneys' Fees and Costs:  In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval, the Mark's Pizzeria Franchises agree that Class Counsel shall receive their reasonable attorneys' fees, a sum not to exceed 33 1/3% of the Settlement Amount, to compensate and reimburse Class Counsel for their attorney's fees plus up to $5,000.00 to reimburse them for their actual litigation costs. Defendants and the Mark's Pizzeria Franchises shall not oppose Class Counsel's request. The fee award applies to all of the work already performed by Class Counsel in this case and all of the work remaining to be performed by Class Counsel, including, but not limited to, documenting the settlement, securing Court approval of the settlement, administering the settlement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the action. Class Counsel will file their application for the award of attorneys' fees and litigation costs prior to the Final Approval Hearing, and the application will be scheduled to be heard by the Court at the Final Approval Hearing.

b.    The Class Notice will inform the Class Members of Class Counsel's intent to seek attorneys' fees and costs set forth above.  A Class Member who does not file and serve a written statement of objection will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the requested award of attorneys' fees and litigation costs.

c.    Service Award:  Subject to approval by the Court, the Mark's Pizzeria Franchises agree to: (1) pay Plaintiffs Adam Cunningham, Alex Chefalo, and Remo Paglia, in consideration for serving as Class Representatives, each a service award not to exceed: (i) $10,000 in for Adam Cunningham; (ii) $7,500 for Alex Chefalo; and (iii) $7,500 for Remo Paglia; and (2) $500 for each of the following class members who supplied sworn declarations: Brian Beyer, Antonio Caso, Joshua Kaplan, Erin Manning, Patrick Rich, and Heather Valder. Defendants and the Mark's Pizzeria Franchises will not oppose this request.  The service award is in addition to the claim share to which Plaintiffs are entitled along with other Class Members.

Plaintiffs Adam Cunningham, Alex Chefalo, and Remo Paglia shall be deemed members of the Settlement Class and shall not be required to submit a claim form.

      e.    <u>Costs of Settlement Administrator</u>: The Parties agree to mutually select a claims administrator ("Settlement Administrator") to perform all necessary class administration duties. This administration duties shall include without limitation, mailing Notices, Claim Forms and Exclusion Forms, performing necessary skip traces on Notices returned as undeliverable, mailing reminder postcards, the calculation processing, mailing requests to cure deficiencies in the Claim Form, and mailing of all class members' settlement checks and tax forms to the class members and tax authorities. All fees and expenses of the Settlement Administrator shall be paid out of the Settlement Amount as set forth in paragraph 10 of this Settlement Agreement. The Settlement Administrator shall be required to agree to a reasonable estimate for fees and expenses for claims administration work. To the extent that the Court, upon such request, approves any fees and expenses in excess of the estimate, such additional fees and expenses will be paid out of the Settlement Amount. In no event shall the Settlement Administrator seek additional fees and expenses after the fairness hearing.

      f.    <u>Calculation of Class Members' Payments</u>: The "Net Settlement Amount," equal to the Settlement Amount less the Administrative Costs, shall be calculated for purposes of making payments to Class Members. Each Class Member, including the named Plaintiffs, who returns a claim form will be entitled to a proportional share of the Net Settlement Amount. The Mark's Pizzeria Franchises agree to pay to each member of the Settlement Class who returns a valid and timely Claim Form that is properly signed and includes the last four numbers of the individual's social security number (and who does not submit a Request for Exclusion Form) ("Qualified Claimant") a proportional share of the Net Settlement Amount based on the following formula:

      The claim value for each Qualified Claimant will be based upon the weeks worked in a position covered by this settlement from August 6, 2009 through preliminary approval. A Qualified Claimant's workweek count shall be calculated by dividing the days between the employee's first and last dates during the class period by seven and rounding to the nearest integer; *provided, however*, any workweeks of a Qualified Claimant within Subclass B shall be further divided by two. Each Qualified Claimant will be entitled to his or her individual workweek count, divided by the total workweeks for all Class Members, times the amount of the Net Settlement Amount.

      By way of example, if a Qualified Claimant worked as a non-driver employee of a Mark's Pizzeria Franchise for 40 weeks during the applicable time period and as a delivery driver employee of a Mark's Pizzeria Franchise for 12 weeks during the applicable time period, the Qualified Claimant's workweek count for purposes of the formula above would be 32.

      The formula will be applied and calculated only after any and all disputed claims have been received and resolved in accordance with the provisions of Subsection (k) of this section of this Stipulation of Settlement.

      g.    <u>Funding of Settlement</u>: The Settlement Amount shall be paid to the Settlement Administrator in two installments to be held in escrow for distribution according to

this Settlement Agreement upon approval by the Court as follows. First, upon signing this Settlement Agreement, the Mark's Pizzeria Franchises shall pay $100,000. Within 10 calendar days after the Effective Date of the settlement, as defined below, the Mark's Pizzeria Franchises shall provide the Settlement Administrator with the remaining Settlement Amount, to the extent not already paid to the Settlement Administrator. In the event final approval is not granted, and in that circumstance, if either Party determines not to continue with settlement negotiations, any amount previously paid to the Settlement Administrator to be held in escrow shall be returned to the Mark's Pizzeria Franchises, less any costs already incurred for settlement administration.

      h.    <u>Payment Procedure and Effective Date</u>: Within 30 days after the Effective Date of the settlement (as defined below), the Settlement Administrator will pay all claims and service awards. Class Counsel shall be paid the fees and costs awarded by the Court within 14 days of the Effective Date (as defined below). For purposes of this Settlement Agreement, the "Effective Date" shall be: (i) the date of final approval if no objections are filed to the settlement; (ii) if objections are filed and overruled, and no appeal is taken of the final approval order, then the date shall be 30 days after the Court enters final approval; or (iii) if an appeal is taken from the Court's overruling of objections to the settlement, then the date shall be 20 days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final. No money will be distributed unless and until the Effective Date of final approval occurs and the settlement fund is sufficiently funded to make the payments scheduled. In the event that the settlement fund is not sufficiently funded at the time the payments are scheduled to be made, the Settlement Administrator shall pay the claims at the earliest practicable time after the settlement fund is sufficiently funded but in no event later than 90 days after the Effective Date of the settlement.

      i.    <u>Tax Treatment of Settlement Payments</u>: Of the amount to be paid to Class Members, thirty-three and one-third percent (33 1/3%) is allocated to wages, thirty-three and one-third percent (33 1/3%) is allocated to payments related to the Wage Theft Prevention Act ("WTPA") forms, and thirty-three and one-third percent (33 1/3%) is allocated to liquidated damages. Each Class Member will receive an IRS Form W-2 from the Settlement Administrator for his or her portion of the amount treated as wages. The Settlement Administrator shall make all required deductions and withholdings from the wages, as required by federal and state law. Mark's Pizzeria Franchises' portion/contribution of and/or for any employment taxes and Social Security and Medicare taxes under the Federal Insurance Contributions Act ("FICA") shall be paid by the Settlement Administrator out of the Settlement Amount. Each Class Member will receive an IRS Form 1099 from the Settlement Administrator for the amounts treated as payments related to the WTPA forms and liquidated damages. The Settlement Administrator shall not withhold any taxes or other deductions from this sum. Each Class Member will be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amount. This Settlement Agreement does not constitute legal advice by counsel for any of the parties to this Settlement Agreement concerning any federal, state or local tax issue. To the extent this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

j.   Tax Treatment of Class Representative's Service Awards: Plaintiffs will receive an IRS Form 1099 for their individual service awards, as applicable, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amount.

k.   Resolution of Disputes Relating To Amounts Owed to a Claimant: If a Qualified Claimant timely disputes Defendants' and/or a Mark's Pizzeria Franchise's records (on a Claim Form) as to the proper number of his or her workweeks, the Parties' Counsel will make a good faith effort to resolve the dispute informally. Defendants' and/or the Mark's Pizzeria Franchise's records shall control in any dispute over the proper amount of a class member's claim unless Defendants and/or the related Mark's Pizzeria Franchise expressly agree otherwise in an individual case. If the dispute cannot be resolved, it shall be submitted to the Settlement Administrator for a binding, non-appealable final determination using and applying the definitions and provisions set forth in this Stipulation of Settlement.

## NOTICE TO THE PLAINTIFF CLASS

14.   The Parties agree that within twenty (20) calendar days after preliminary approval of this Stipulation of Settlement, Defendants and the Mark's Pizzeria Franchises will provide to the Claims Administrator and Class Counsel all of the following information, to the extent available, about each Class Member in Excel format ("Class Data List"): (1) name; (2) last known home address and telephone number; (3) Social Security Number; (4) dates of employment during the class period for each Class Member; and (5) workweek total for each Class Member for each class (to the extent available). The Settlement Administrator will perform address updates and verifications as necessary prior to the first mailing.

15.   Within thirty calendar days of preliminary approval of this settlement, the Settlement Administrator will send Class Members, by first-class mail, at their last known address, the court-approved Notice of Pendency of Class Action ("Notice") in the form attached hereto as Exhibit "A", a Claim Form in the form attached hereto as Exhibit "B", and Request for Exclusion Form, in the form attached hereto as Exhibit "C". A Notice, Claim Form and Request for Exclusion Form shall be referred to collectively as a "Notice Packet." The Notice Packet also will include a calculation of the Class Member's estimated weeks worked in each class.

## CLAIM PROCESS

16.   Class Members will have 45 days from the date the Notice Packets are mailed by the Settlement Administrator to postmark their signed Claim Forms or Exclusion Forms, and 30 days from said postmark date to lodge objections to the settlement. In the event a Class Member timely returns a valid Claim Form and a Request for Exclusion Form, the Settlement Administrator will contact the Class Member for clarification of the Class Member's intent and provide the Class Member ten days to respond. If the Class Member fails to provide clarification within the time limits provided, his or her claim will be deemed valid and the Request for Exclusion Form will be deemed invalid. The Settlement Administrator will perform one skip-trace on returned mail and re-mail Claim Forms to an updated address (if any) within seven days of receiving notice that a Notice Packet was undeliverable. It is the intent of the parties that reasonable means be used to locate Class Members.

17.     Within five business days of receipt by the Settlement Administrator of each timely-submitted Claim Form, the Settlement Administrator will send a deficiency notice to the Class Members for any irregularities in the completed Claim Form. The deficiency notice will provide the Class Members no more than ten days from the mailing of the deficiency notice to postmark a written response to cure all deficiencies. The failure of a Class Member to timely submit a Claim Form, or timely submit a response to any deficiency notice, shall invalidate a claim and will not be considered deficiencies subject to cure, unless counsel for both parties stipulate to allow cure. The failure of a Class Member to sign a Claim Form will be considered a deficiency subject to cure.

18.     All original Claim Forms shall be mailed directly to the Settlement Administrator at the address indicated on the Claim Form. Defendants and/or Mark's Pizzeria Franchises will provide the Settlement Administrator an Excel spreadsheet that the Settlement Administrator will use to calculate each Class Member's proportional share of the claims fund. The Settlement Administrator will certify jointly to Class Counsel and Defendants' and/or a Mark's Pizzeria Franchises' counsel which claims were timely filed. The Settlement Administrator shall be responsible for calculating the payments, issuing the payments and calculating and withholding all required state and federal taxes, if any, and for communicating this information to Defendants and the Mark's Pizzeria Franchises. Upon completion of its calculation of payments, the Settlement Administrator shall provide the Parties with a summary of all Class Members and those who submitted Claim Forms, as well as a report listing the amount of all payments to be made to each Qualified Claimant. Proof of payment will be filed with the Court and provided to the Parties' counsel.

19.     Checks issued to Class Members who submit a timely Claim Form pursuant to this Stipulation of Settlement shall remain negotiable for a period of 90 days from the date of distribution. The Settlement Administrator will make reasonable efforts under the direction of the Parties to locate and contact Class Members who have not negotiated checks issued to them pursuant to Section 11(f). The funds associated with any checks not properly or timely negotiated shall be deemed to be "stale checks" and shall be distributed as unclaimed funds pursuant to Section 20 of this Stipulation of Settlement. The Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided in this Stipulation of Settlement. Class Members who fail to negotiate their check(s) in a timely fashion shall, like all Class Members, remain subject to the terms of this Stipulation of Settlement and Final Judgment.

20.     Upon the expiration of 100 days after the distribution of the settlement checks, the amounts representing the Net Settlement Amount that have not been claimed, cashed or were unable to be delivered despite the Settlement Administrator's good faith efforts, will be distributed to and retained by the Mark's Pizzeria Franchises. In addition, upon the expiration of 30 days after the distribution of the settlement checks, the proportional share of the Net Settlement Amount  attributed to all Class Members who opt out of the settlement will be distributed to and retained by the Mark's Pizzeria Franchises.

## RELEASE OF CLAIMS

21.     Released Claims By Class Members: Upon final approval by the Court, each member of the Settlement Class, including Plaintiffs, regardless of whether that member submitted a timely claim, releases Defendants and any parent, subsidiary, related entities, affiliate, Mark's Pizzeria Franchises, store, restaurant, franchisor, predecessor or successor, and all agents, employees, officers, members, directors, owners and attorneys thereof (the "Released Parties"), from any and all past and present matters, claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action contingent or accrued for, which any Class Member has or might have, known or unknown, asserted or unasserted, stated in the Complaint and based upon an alleged failure to pay overtime, wages, or other compensation under federal, state, local or other applicable law, and/or that Released Parties failed to provide proper wage notices to Class Members under state law, that otherwise relate to the Lawsuit or that arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit and/or otherwise arise out of or relate to the assertion of claims in the Lawsuit, and that arose during any time that such Class Members worked for Released Parties up and until the Effective Date of this Settlement Agreement. ("Released Claims").

22.     The Released Claims include without limitation claims asserted in this Lawsuit and/or any other claims based on state or federal law governing overtime pay, failure to pay wages, denial of meal periods and rest breaks, failure to compensate for missed and/or interrupted breaks, miscalculation of the regular rate for overtime purposes, failure to pay wages upon termination, failure to pay gratuities, tips and/or delivery fees or delivery charges, failure to reimburse expenses, failure to pay spread-of-hour pay, failure to provide uniforms and/or a uniform allowance, liquidated damages, failure to provide itemized wage statements, retaliation due to the filing of or participation in this Lawsuit, failure to make payments due, failure to keep records of hours worked or compensation due, failure to post a summary and/or notice of wage-hour laws and penalties for any of the foregoing, including without limitation claims under the Fair Labor Standards Act, the Employee Retirement Income Security Act (based upon claims derived from the allegations set forth in the Complaint), the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §190 et seq., the New York Wage Theft Prevention Act, the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 and/or any other statutes, regulations and common laws of New York State relating to the foregoing.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

23.     The Parties shall submit this Stipulation of Settlement to the Court in support of a request for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Class Counsel shall apply to the Court for the entry of a preliminary order no later than seven (7) days after execution of this Stipulation of Settlement, which Defendants and the Mark's Pizzeria Franchises shall not oppose, and would accomplish the following:

        a.      Schedule a final fairness hearing within ninety (90) days after preliminary approval is granted, on the question of whether the proposed settlement, including payment of

attorneys' fees and costs, and the Class Representatives' service awards, should be finally approved as fair, reasonable, and adequate as to the Class Members;

      b.     Certifying a settlement class for all claims;

      c.     Approving as to form and content the proposed Notice;

      d.     Approving as to form and content the proposed Claim Form;

      e.     Approving as to form and content the proposed Request for Exclusion Form;

      f.     Directing the mailing of the Notice, Claim Form and Request for Exclusion Form, by first class mail to the Class Members;

      g.     Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court;

      h.     Preliminarily approving Class Counsel's request for attorneys' fees and costs subject to final review of the Court; and

      i.     Preliminarily approving Class Counsel's request that Plaintiffs Adam Cunningham, Alex Chefalo, and Remo Paglia receive enhancement awards.

A copy of the Proposed Order is attached as "Exhibit D."

### DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

    24.    Following preliminary approval of the settlement provided for in this Stipulation of Settlement, and before the final approval hearing, Class Counsel will submit a proposed final order and Judgment:

      a.     Approving the settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

      b.     Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

      c.     Approving the service awards;

      d.     With the exception of claims under the FLSA for Class Members who do not make claims, barring all members of the Settlement Class from prosecuting against the Released Parties any individual or class claims that were asserted in this action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in this action through the date of the final approval of this settlement upon satisfaction of all payments and obligations hereunder. Within ten (10) calendar days after the filing of a Motion for Preliminary Approval of the Settlement with the Court, Defendants and/or the Mark's Pizzeria Franchises shall provide appropriate notice of the

Settlement to appropriate state and federal officials in conformance with Rule 23 of the Federal Rules of Civil Procedure.

## VOIDING THE SETTLEMENT AGREEMENT

25.     If the Court does not approve any material term, provision, or condition of this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable.

26.     To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, Defendants and the Mark's Pizzeria Franchises do not waive, but rather expressly reserve, all rights to challenge any and   all claims and allegations asserted by the class in the Lawsuit upon all procedural and substantive grounds, including without limitation, the ability to challenge class or collective action treatment on any grounds and to assert any and all other potential defenses or privileges. The Parties agree that Defendants and the Mark's Pizzeria Franchises retain and reserve these rights, and they agree not to take a position to the contrary. Specifically, Class Counsel and the class agree that, if the Lawsuit were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any Exhibit hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendants and the Mark's Pizzeria Franchises should be barred from contesting class or collective action certification, or from asserting any and all potential defenses and privileges. The parties further agree that Defendants and the Mark's Pizzeria Franchises specifically reserve their rights to oppose conditional certification of the collective action. This Settlement Agreement shall not be deemed an admission by, or grounds for, estoppel against Defendants and/or the Mark's Pizzeria Franchises that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested or any other grounds.

## PARTIES' AUTHORITY

27.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

28.     The Parties agree fully to cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, the Parties and their counsel shall take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

29.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## SEVERABILITY

30.     If, after the occurrence of the Effective Date, any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision has never been contained herein except that in the event the Release of Claims provisions are deemed invalid, Defendants and/or the Mark's Pizzeria Franchises may rescind its obligations hereunder upon reasonable notice to Class Counsel and without any prejudice to any claims of the Named Plaintiffs or Class Members.

## PUBLIC STATEMENTS BY CLASS COUNSEL

31.     Class Counsel shall not:

        a.     Issue any future press release regarding this Lawsuit, Settlement Agreement or the settlement of the Lawsuit;

        b.     Mention this Lawsuit, Settlement Agreement, the Lawsuit or the settlement in any internet website until six months after the Effective Date of this Agreement.

        c.     Notwithstanding the foregoing, any inadvertent mention of this Lawsuit or the terms of this Settlement Agreement or the settlement of this Lawsuit by Class Counsel shall not constitute a violation of this Agreement.  Further, Class Counsel may, at any time, respond to any inquiries from Class Members concerning this settlement.

32.     Class Counsel shall make a good faith effort to delete and/or remove all existing statements and/or references to this Lawsuit from Class Counsel's internet website(s) and/or any other website, social media account(s) and/or marketing materials until six months after the Effective Date of this Agreement.

## AMENDMENT OF COMPLAINT

33.     For purposes of settling the Lawsuit only, the Parties conditionally stipulate and agree that the Complaint shall be amended to name each of the Mark's Pizzeria Franchises, except Ovid Pizza, Inc., Hanover Square Pizza, Inc., Ithaca Pizza, Inc., and Seneca Falls Pizza, Inc., as an individual defendant in this Lawsuit in the form attached hereto as Exhibit "E". Defendants and the Mark's Pizzeria Franchises deny the claims alleged in the Complaint/Amended Complaint and further deny that, for any purpose other than settling the Lawsuit, that the Mark's Pizzeria Franchises are appropriate defendants in this Lawsuit.  Any amendment to the Complaint pursuant to this Settlement Agreement shall not constitute in this or

-13-

any other proceeding an admission by the Defendants and/or any of the Mark's Pizzeria Franchises of any kind, or a determination that joining any of the Mark's Pizzeria Franchises as defendants in this Lawsuit is appropriate or proper. In the event the Court does not grant final approval of this Settlement Agreement, the amendment of the Complaint shall not constitute evidence of, or a binding determination that, the requirements for amending the Complaint are satisfied, and Defendants and the Mark's Pizzeria Franchises expressly reserve all rights to challenge amendment to the Complaint in this or any other action on all available grounds as if no amendment had occurred in this action.

## NO ADMISSION

34.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, the Mark's Pizzeria Franchises, and/or the Released Parties. Defendants, the Mark's Pizzeria Franchises, and the Released Parties specifically deny any liability. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

35.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.

36.    This Settlement Agreement shall be subject to and governed by the laws of the State of New York and subject to the continuing jurisdiction of the United States District Court for the Western District of New York.

## CAPTIONS AND INTERPRETATIONS

37.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

38.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

39.     This Stipulation of Settlement contains the entire Settlement Agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.   No rights hereunder may be waived except in writing.

## BINDING ON ALL PARTIES

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

40.     It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.   The Notice, Exhibit "A", will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

## NO RETALIATION

41.     Defendants and the Mark's Pizzeria Franchises agree that there will be no retaliation, discrimination or adverse employment action against the Plaintiffs or any member of the Settlement Class as a result of this Lawsuit, the Settlement or their participation in this Lawsuit or Settlement.

## NOTICES

42.     Unless otherwise specifically provided, all notices or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the day of mailing; and (3) sent via United States registered or certified mail, return receipt requested addressed as follows:

To Class Members:

      Robert L. Mullin
      Ferr & Mullin, P.C.
      7635 Main Street Fishers
      P.O. Box 440
      Fishers, New York 14453

To Defendants and the Mark's Pizzeria Franchises:

      Linda Prestegaard
      Phillips Lytle LLP

28 East Main Street, Suite 1400
Rochester, New York 14614

## ADVICE OF COUNSEL

43.     The Parties are represented by competent counsel, and they have had an opportunity to consult with counsel. The Parties agree that it reflects their good faith compromise of the claims raised in this action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

## COUNTERPARTS

44.     This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as to the date indicated below.

**PHILLIPS LYTLE LLP**

Dated: June ___, 2016

By: _____

Linda Prestegaard

Attorneys for Defendants
and the Mark's Pizzeria Franchises, except Ovid Pizza,
Inc., Hanover Square Pizza, Inc., Ithaca Pizza, Inc., and
Seneca Falls Pizza, Inc.

Dated: June ___, 2016          **FERR & MULLIN, P.C.**

By: _____

Robert L. Mullin

Attorneys for Plaintiffs
Adam Cunningham, Alex Chefalo, and Remo Paglia,
on behalf of themselves, and on behalf of all persons
similarly situated

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as to the date indicated below.

**PHILLIPS LYTLE LLP**

Dated:  June ___, 2016

By: _____

Linda Prestegaard

Attorneys for Defendants
and the Mark's Pizzeria Franchises

Dated:  June __, 2016          **FERR & MULLIN, P.C.**

By: _____

Robert L. Mullin

Attorneys for Plaintiffs
Adam Cunningham, Alex Chefalo, and Remo Paglia,
on behalf of themselves, and on behalf of all persons
similarly situated

Dated:  June 21, 2016          By:  _____

                                    Adam Cunningham

Dated:  June 2, 2016           By:  _____

                                    Alex Chelalo

Dated:  June 17th, 2016        By:  _____

                                    Remo Paglia

                                    Mark's Pizzeria, Inc.

Dated:  June ___, 2016         By:  _____

                                    Name

                                    _____

                                    Title

Dated:  June ___, 2016         By:  _____

                                    Mark S. Crane

                                    Sud's Pizzeria, Inc.

Dated:  June ___, 2016         By:  _____

                                    Name

                                    _____

                                    Title

Dated: June ___, 2016          By: _____

                                   Adam Cunningham

Dated: June ___, 2016          By: _____

                                   Alex Chefalo

Dated: June ___, 2016          By: _____

                                   Remo Paglia

Dated: June 27, 2016           By: Mark's Pizzeria, Inc.

                                   _____
                                   Name

                                   _____
                                   Title

Dated: June 27 2016            By: _____

                                   Mark S. Crane

Dated: June 27 2016            By: Sud's Pizzeria, Inc.

                                   _____
                                   Name

                                   _____
                                   Title

Dated: June ___, 2016          By:

Americo's Foods, Inc.

_____
Brian Christiaansen, President

Dated: June 27, 2016          By:

Auburn Pizza, Inc.

_____
Joseph A. Keller, President

Dated: June 27, 2016          By:

Avon Pizza, Inc.

_____
Daniel W. Roberts, President

Dated: June 17, 2016          By:

Mark's Pizzeria of Batavia, Inc.

_____
Eric L. Levan, President

Dated: June 27, 2016          By:

Camillus Pizza, Inc.

_____
Daniel W. Roberts, President

Dated: June 27, 2016          By:

Mark's of Canandaigua, Inc.

_____
Daniel W. Roberts, President

Dated: June 27, 2016          By:

Canastota Pizza, Inc.

_____
Daniel W. Roberts, President

Cicero Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Michael Haynes, President

Clay Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Michael Haynes, President

Cortland Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Daniel W. Roberts, President

Eastview Mall Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Mark S. Crane, President

Elbridge Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Jamie P. Schneider, President

Fairport Pizza, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Mark S. Crane, President

Mark's Pizzeria of Gates, Inc.

Dated:  June ⸍⸍, 2016     By: _____
Eric L. Levan, President

Dated: June 2, 2016      By:

Greece Pizza, Inc.

_Mark S. Crane_ Pres
Mark S. Crane, President


Dated: June 1, 2016      By:

Greece Ridge Mall Pizza, Inc.

_Mark S. Crane_ Pres
Mark S. Crane, President


Dated: June 17, 2016      By:

Groton Pizza, Inc.

_Daniel W. Roberts_ pres
Daniel W. Roberts, President


Dated: June 21, 2016      By:

Hamlin Pizza, Inc.

_Charles J. Ferrin_ President
Charles J. Ferrin, President


Dated: June 22, 2016      By:

Honeoye Pizza, Inc.

_Scott Gagliano_ President
Scott Gagliano, President


Dated: June __, 2016      By:

Ithaca Pizza, Inc.

_____
Name

_____
Title

Dated: June ⎽⎽, 2016     By:

Lockport Pizza, Inc.

_President_

Benjamin Stewart, President

Dated: June ⎽⎽, 2016     By:

Hanover Sq. Pizza, Inc.

_____

Name

_____

Title

Dated: June ⎽⎽, 2016     By:

Manchester Pizza, Inc.

Daniel W. Roberts, Président

Dated: June ⎽⎽, 2016     By:

Manlius Pizza, Inc.

Daniel W. Roberts, Président

Dated: June ⎽⎽, 2016     By:

Marion Pizza, Inc.

Daniel W. Roberts, President

Dated: June ⎽⎽, 2016     By:

Medina Pizza, Inc.

Brian Christiaansen, President

Dated: June 27, 2016     By:

Mendon Pizza, Inc.

Mark S. Crane, President

-22-

Monroe Avenue Pizza, Inc.

Dated: June 27, 2016     By:

_____
Mark S. Crane, President

Newark Pizza, Inc.

Dated: June __, 2016     By:

_____
Scott Kinslow, President

Newfane Pizza, Inc.

Dated: June __, 2016     By:

_____
Brian Christiaansen, President

Norton St. Pizza, Inc.

Dated: June 27, 2016     By:

_____
Kevin Burke, President

Mark's Pizzeria of North Chili, Inc.

Dated: June 27, 2016     By:

_____
Eric L. Levan, President

Oswego Pizza, Inc.

Dated: June 27, 2016     By:

_____
Paul Sanger, President

Palmyra Pizza, Inc.

Dated: June 27, 2016     By:

_____
Mark S. Crane, President

-23-

Dated:  June 21, 2016   By:   Penfield Pizza, Inc.

                 Kevin Burke, President

Dated:  June 2?, 2016   By:   Penn Yan Pizza, Inc.

                 Daniel W. Roberts, President

Dated:  June 27, 2016   By:   Scottsville Pizza, Inc.

                 Matthew Engstrom, President

Dated:  June ___, 2016   By:   Seneca Falls Pizza, Inc.

                 Name

                 Title

Dated:  June 27, 2016   By:   Seneca Lake Pizza, Inc.

                 Richard Malec, President

Dated:  June 27 2016   By:   Skaneateles Pizza, Inc.

                 Jamie P. Schneider, President

Dated:  June 2?, 2016   By:   PMI Enterprises, Inc.

                 Daniel W. Roberts, President

Dated:  June 27, 2016     By:     Victor Pizza, Inc.

_____
Mark S. Crane, President

Dated:  June 27, 2016     By:     Walworth Pizza, Inc.

_____
Daniel W. Roberts, President

Dated:  June 27 2016     By:     Webster Village Pizza, Inc.

_____
Kevin C. Curtis, President

Dated:  June 27 2016     By:     West Webster Pizza, Inc.

_____
Kevin C. Curtis, President

Dated:  June 27, 2016     By:     Williamson Pizza, Inc.

_____
Daniel W. Roberts, President

Dated:  June 27, 2016     By:     Winton Road Pizza, Inc.

_____
Mark S. Crane, President

Dated:  June 28, 2016     By:     Wolcott Pizza, Inc.

_____
Raymond J. Fox, President