**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ADAM CUNNINGHAM, ALEX CHEFALO, and
REMO PAGLIA, et al.,

                Plaintiffs,        **ORDER**
     v.                                   15-cv-6462

SUDS PIZZA, INC., MARK'S PIZZERIA,
INC., and MARK S. CRANE,

                Defendants.

The Court has considered the joint stipulation of settlement and release executed by the parties (the "Settlement Agreement"); plaintiffs' unopposed motion for an Order preliminarily granting conditional class certification, approving the Settlement Agreement and notice materials, and setting a final settlement hearing (Docket # 34); and all other papers filed in this action. The matter having been submitted and good cause appearing, the Court finds as follows:

    1.  All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

    2.  The parties, through their counsel of record in this litigation, have reached an agreement to settle all claims;

    3.  The Settlement Agreement appears on its face to be fair, reasonable, and adequate, and to have been the product of serious, informed, and extensive arm's-length negotiations between the parties. In making this preliminary finding, the

Court considered the nature of the claims, the relative strength of plaintiffs' claims, the amounts and kinds of benefits to be paid if the settlement is approved after notice to the parties' proposed classes set forth in the Settlement Agreement (the "Settlement Class"), the allocation of settlement proceeds among its members, and the fact that a settlement represents a compromise of the parties' respective positions rather than a result of a finding of liability at trial.  Accordingly, the Court preliminarily finds that the Settlement Agreement was entered into in good faith;

4. The Court concludes that, for the purposes of preliminarily approving this settlement, and with no other effect on this litigation should the proposed Settlement Agreement not finally be approved or should its effective date not occur, the Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"): (a) the Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among members of the Settlement Class with respect to the subject matter of the litigation; (c) the claims of plaintiffs are typical of the claims of the members of the Settlement Class; (d) named plaintiffs will fairly and

adequately protect the interests of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the plaintiffs are qualified to serve as counsel for the Settlement Class; (g) common issues will likely predominate over individual issues; and (h) Settlement Class members are similarly situated;

    5.   The moving parties also have presented to the Court for review the stipulated Settlement Agreement.  The Settlement Agreement proposes a settlement that is within the range of reasonableness and meets the requirements for preliminary approval, and;

    6.   The moving parties have presented to the Court for review a plan to provide notice to the Settlement Class of the terms of the settlement and the various options the Settlement Class has, including, among other things, the option for Settlement Class members to opt-out of the class action, to object to the proposed settlement, and to obtain additional information from counsel.  The notice will be distributed consistent with the Settlement Agreement.  The method for notice proposed by the settling parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

    Good cause appearing therefore, it is hereby

    **ORDERED** that the Settlement Agreement is preliminarily approved;

**ORDERED** that the Settlement Class, as defined in the Settlement Agreement, is hereby provisionally certified under Fed. R. Civ. P. 23, and conditionally certified under the FLSA;

**ORDERED** that notice of the proposed settlement and the rights of Settlement Class members to opt-out of the settlement and/or to become a participating claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement within thirty days of the entry of this Order;

**ORDERED** that a Settlement Hearing shall be held before this Court on **March 17, 2017**, at 1:00 p.m. in the United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614.  The Settlement Hearing is scheduled at least 100 days from the date of this Order in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d), and defendants shall cause to serve the required CAFA notices within ten days of the date of this Order. In accordance with Fed. R. Civ. P. 23(e), the Settlement Hearing is scheduled for the following purposes: (1) to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class; (2) to determine whether the proposed Settlement Agreement, including the proposed plan of allocation, is fair, reasonable, and adequate and should be granted final approval by the Court; (3) to finally determine whether class counsel's application for

an award of attorneys' fees and costs, if any, is fair, reasonable, and adequate and should be approved by the Court; and (4) to rule upon such other matters as the Court may deem appropriate. To that end:

    (a) Written objections by Settlement Class members to the proposed settlement will be considered if received by the Claims Administrator within forty-five days of the issuance of class notice;

    (b) At the Settlement Hearing, class members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

    (c) Counsel for the parties should be prepared at the hearing to respond to objections filed by class members and to provide other information as appropriate, bearing on whether or not the settlement should be approved;

    **ORDERED** that class counsel shall file moving papers in support of final approval of the Settlement Agreement no later than **February 28, 2017**;

    **ORDERED** that the deadline to make a motion for attorneys' fees and costs is **February 28, 2017**. In support of any such motion, counsel is directed to include, with detail, (1) how the settlement was reached; (2) the amount of any requested fees; (3) the method used to calculate such fees; (4) what specific work was performed for those fees; (5) a copy of any written retainer agreement; and (6) why the requested fees are fair and

reasonable in light of (a) the time and labor expended by counsel, (b) the magnitude and complexity of the litigation, (c) the risk of the litigation, (d) the quality of representation, (e) the degree of success obtained on behalf of the plaintiffs in the settlement, and (f) public policy.  Absent permission of the Court, any attorneys' fee application must be supported by copies of contemporaneously kept time and billing records providing detail of the specific work performed and the time spent for each entry.  For any non-legal work (filing, mailing, copying, etc.) performed by an attorney, counsel must explain why an attorney performed the task;

    **ORDERED** that, in the event that the settlement is finally approved by this Court and the effective date occurs, all Settlement Class members will be deemed to have forever and fully released and discharged all claims set forth in Paragraphs 21 and 22 of the Settlement Agreement ("the Release").  The Release will apply to each and every Settlement Class member, as against the released parties, with the exception of those Settlement Class members who submit valid and timely Opt-Out Forms in accordance with the Settlement Agreement and class notice instructions; and,

    **ORDERED** that, in the event that the Court does not finally approve the Settlement Agreement or the effective date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect.

**SO ORDERED.**

                                                                                                                      /s/Jonathan W. Feldman  
                                                  JONATHAN W. FELDMAN  
                                        United States Magistrate Judge

Dated: December 2, 2016  
       Rochester, New York